UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN BARRETT | CIVIL ACTION NO.: |
| VERSUS | SECTION: |
| ENVEN ENERGY VENTURES, LLC, AND DIVERSE SAFETY AND SCAFFOLDING, LLC | DISTRICT JUDGE: |
| | MAGISTRATE JUDGE: |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Steven Barrett, and with respect files the following Complaint for Damages and appropriate ancillary relief:

1.

Jurisdiction is proper pursuant to Federal Question Jurisdiction (28 U.S.C. § 1331), and the Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1331, *et seq.* This case is brought pursuant to all applicable laws, including all laws of the State of Louisiana as surrogate federal law under OCSLA. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1) and 28 U.S.C. 1391 § (b)(2).

2.

Plaintiff, Steven Barrett, is a person of the full age of majority, domiciled in Attala County, State of Mississippi.

3.

Defendants named herein are:

(1) **ENVEN ENERGY VENTURES, LLC**, a domestic limited liability company, authorized to do and doing business in the State of Louisiana, which may be served

1

through its registered agent for service of process: PAUL J. GOODWINE, 650 Poydras Street, Suite 2400, New Orleans, Louisiana 70130; and

(2) **DIVERSE SAFETY AND SCAFFOLDING, LLC**, a domestic limited liability company, authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process: MORIAL VALLOT, 4308 Highway 90 West, New Iberia, Louisiana 70560.

4.

Defendant, **ENVEN ENERGY VENTURES, LLC**, engages in the for-profit business of exploration, development, extraction, and production of oil and gas related hydrocarbons in the Gulf of Mexico.

5.

Defendant, **DIVERSE SAFETY AND SCAFFOLDING, LLC**, engages in the for-profit business of providing scaffold erection in marine and offshore production and drilling facilities, as well as similar environments.

6.

Defendants are truly and justly indebted to plaintiff herein for any and all damages sustained as a result of an incident that occurred on a fixed platform in the territorial waters of the United States of America, State of Louisiana, on or about October 7, 2021.

7.

On or about October 7, 2021, **ENVEN ENERGY VENTURES, LLC**, was the owner and/or operator of a fixed platform called Ewing Bank 873 "Lobster" in the Gulf of Mexico on the Outer Continental Shelf offshore of Louisiana.

8.

On or about October 7, 2021, **DIVERSE SAFETY AND SCAFFOLDING, LLC**, provided scaffolding services and equipment aboard Ewing Bank 873 "Lobster."

9.

On or about October 7, 2021, plaintiff was employed as floorhand aboard Ewing Bank 873 "Lobster" by Nabors Offshore.

10.

On or about the date in question, plaintiff, Steven Barrett, was assisting in removing the diverter to install the blowout preventers to begin drilling operations.  Plaintiff was forced to descend through the keyway below the rig floor in order to reach the diverter by climbing down the rig structure without proper safety equipment and scaffolding access causing him to fall eight feet down to the scaffolding platform below.  Plaintiff sustained severe and disabling injuries to his head, back, neck, and other body parts.  Following the incident, plaintiff was evacuated via helicopter back to shore in order to receive emergency medical treatment.

11.

Plaintiff alleges that the legal cause of the aforementioned accident and injuries was the negligence of defendants and its employees, and that said acts of negligence arose out of the defendants' actions and/or inactions.  Further, the accident and resulting injuries were caused be the negligence of defendants, **ENVEN ENERGY VENTURES, LLC** and/or **DIVERSE SAFETY AND SCAFFOLDING, LLC**, in the following non-exclusive particulars:

a. Creating and/or allowing an unsafe condition and/or work environment;

b.  Ordering and/or allowing and/or directing the work in question;

c.  Disregarding rules and/or regulations created for the safety of workers aboard the platform;

d.  Failing to monitor its contractors in making them utilize all equipment safely;

e.  Failing to provide adequate safety equipment;

f.  Failing to provide adequate scaffolding access;

g.  Negligently monitoring its contractors while conducting the operations at issue;

h.  Failing to see what should have been seen and do what should have been done in order to prevent the accident sued upon herein;

i.  Failing to properly supervise the tasks being performed;

j.  Failing to properly train its employees to perform all tasks safely and with regard to the safety of others;

k.  Failing to use reasonably safe means and methods to perform the job in question;

l.  Failing to properly maintain the platform and/or scaffolding in question;

m.  Failing to properly inspect the platform and/or scaffolding in question;

n.  Failing to provide adequate manning for the tasks at hand;

o.  Failing to provide a proper lookout;

p.  Failing to properly equip its workers;

q.  Failing to properly man, provision, maintain and operate all equipment and appurtenances;

r. Failing to properly and reasonably select and implement an overall plan to complete the tasks at hand in a safe and non-hazardous manner;

s. Failing to ensure that all working areas involved were in all respects safe;

t. Failing to devise and implement an adequate safety protocol and safety watch;

u. Failing to properly remedy one or more unreasonably dangerous conditions;

v. Negligent supervision, hiring, and/or entrustment;

w. Failing to comply with responsibilities, whether imposed by contract or the law;

x. Failing to conduct a proper JSA or its equivalent;

y. Failing to comply with applicable governmental regulations;

z. Any and all other acts of negligence and/or fault established through discovery and/or shown at the trial of this matter.

12.

Plaintiff, Steven Barrett, was not negligent in any way, and did not contribute to the accident complained of herein.

13.

Plaintiff further affirmatively pleads the doctrine of *res ipsa loquitur* in that the accident and injuries and damages would not have occurred in the absence of the negligence of defendants.

14.

Defendants are additionally liable for the acts of its employees and agents, acting within the scope of their employment or agency under any theory of *respondeat superior* applicable under the facts of this case.

15.

Defendants are liable unto plaintiff jointly, severally and *in solido* for the damages sustained as a result of the accident at issue.

16.

Plaintiff further alleges strict liability as may be allowed under applicable Louisiana state law. Such strict liability applies to **ENVEN ENERGY VENTURES, LLC** as the owner of said platform upon which this accident occurred.

17.

As a result of the accident described herein, plaintiff, Steven Barrett, has incurred the following non-exclusive damages:

   a. Past, present, and future physical, mental, and emotional pain and suffering;

   b. Past, present, and future loss of wages, fringe benefits, and wage earning capacity;

   c. Past and future physical disability;

   d. Past, present, and future medical expenses;

   e. Past, present, and future loss of enjoyment of life; and

   f. All other special and general damages as will be shown at the trial of this matter.

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE**, plaintiff, Steven Barrett, prays that, defendants, **ENVEN ENERGY VENTURES, LLC** and **DIVERSE SAFETY AND SCAFFOLDING, LLC** be served with a

certified copy of this Complaint for Damages and duly cited to appear and answer same and after due proceedings are had, there be judgment in his favor and against defendants in an amount which is just and reasonable with legal interest thereon from date of loss until paid or, alternatively, from date of judicial demand until paid, and for all costs of these proceedings. Plaintiff prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

**RICHARD P. VOORHIES III (#30782)**
**DAVID J. SALTAFORMAGGIO (#34071)**
THE VOORHIES LAW FIRM
1100 Poydras St., Suite 2810
New Orleans, Louisiana 70163
Telephone: (504) 875-2223
Facsimile: (504) 875-4882
E-mail: richard@voorhieslaw.com
david@voorhieslaw.com

AND

LAW OFFICE OF RENEE MONTEGUT LOUVIERE
**RENEE MONTEGUT LOUVIERE (#28382)**
415 S. Main St.
St. Martinville, Louisiana 70582
Telephone: (337) 394-2220
Facsimile: (337) 394-1302
E-mail: louvierelaw@gmail.com

**PLEASE SERVE:**

**ENVEN ENERGY VENTURES, LLC**
*Through its registered agent for service of process:*
Paul J. Goodwine
650 Poydras Street, Suite 2400
New Orleans, Louisiana 70130

**DIVERSE SAFETY AND SCAFFOLDING, LLC**
*Through its registered agent for service of process:*
Morial Vallot
4308 Highway 98 West
New Iberia, Louisiana 70560